**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON**



CRIMINAL ACTION NO. 5:25-CR-00076-GFVT-EBA-1

UNITED STATES OF AMERICA                                              PLAINTIFF

V.                              **PLEA AGREEMENT**

DARRELL WAYNE STRUNK                                                  DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter guilty pleas to Count 1 of the Indictment, charging a violation of 21 U.S.C. § 846, conspiracy to distribute controlled substances, and Count 2 of the Indictment, charging a violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, aiding and abetting possession with intent to distribute controlled substances.

2. The essential elements of Count 1 are:

   (a) that two or more persons formed, reached, or entered into an agreement or understanding to possess with intent to distribute a mixture or substance containing fluorofentanyl, a Schedule I controlled substance, methamphetamine, and cocaine, both Schedule II controlled substances under federal law, and,

   (b) that at some time during the existence or life of the agreement or understanding, the defendant knew the purpose of the agreement and deliberately joined the agreement or understanding.

The essential elements of Count 2 are:

   (a) that the defendant knowingly and intentionally possessed fluorofentanyl, a Schedule I controlled substance, and methamphetamine

and cocaine, Schedule II controlled substances,

(b) that the defendant intended to distribute it to another person, and

(c) that the defendant helped or encouraged crime to be committed and intended to help or encourage the crime to be committed,

3. As to Counts 1 and 2, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

(a) Beginning on the dates set forth in the Indictment, the Defendant, Melissa Wilhoite, and others entered into an agreement or understanding to distribute controlled substances, including fluorofentanyl, a Schedule I controlled substance, and methamphetamine and cocaine, Schedule II controlled substances, in Fayette County and Woodford County, in the Eastern District of Kentucky.

(b) On October 5, 2024, in Lexington, Fayette County, in the Eastern District of Kentucky, law enforcement officers observed the Defendant (driver side) and Wilhoite (passenger seat) inside of a vehicle with two other females standing outside of the passenger window. Upon approach, officers observed a loaded syringe on top of the center console and one under Wilhoite's lap. A search of the vehicle revealed additional quantities of narcotics to include suspected fentanyl, methamphetamine and cocaine.

(c) Upon being given his Miranda rights, he admitted obtaining the drugs and intending to distribute the drugs.

(d) The substances were submitted to the Kentucky State Police Lab for testing and tested positive for 22.029 grams of methamphetamine and 7.453 grams of fluorofentanyl and fentanyl mix., and .49 grams of cocaine.

4. The statutory punishment for Counts 1 and 2 is imprisonment for not more than 20 years, a fine of not more than $1,000,000, and a term of supervised release of not less than 3 years. A mandatory special assessment of $200 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of sentencing.

5. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations not agreed to below. This recommendation does not bind the Court.

    (a) United States Sentencing Guidelines (U.S.S.G.), November 1, 2025, manual, will determine the Defendant's guidelines range.

    (b) Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes paragraph 3.  *RLW  n.c. -> D.S*

    (c) Pursuant to U.S.S.G. § 2D1.1(8), the base offense level is 24.

    (d) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

6. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2.

8. The Defendant waives the right to appeal the guilty plea and conviction. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

9. The Defendant abandons any interest in, and consents to the official use, destruction, or other disposition of, any item obtained by any law enforcement agency during the investigation, unless an item is specifically provided for in another provision of this Agreement. The Defendant also waives any notice of a proceeding to implement the

official use, destruction, or other disposition of any item abandoned under this paragraph.

10. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete and sign a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. The Defendant will not encumber, transfer, or dispose of any monies, property, or assets under the Defendant's custody or control without written approval from the United States Attorney's Office. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

11. The Defendant understands and agrees that pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable

immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court.

12. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

13. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

14. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

15. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this

15. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

PAUL C. McCAFFREY
ACTING UNITED STATES ATTORNEY

Date: September 18, 2025     By: RONALD WALKER *Digitally signed by RONALD WALKER Date: 2025.09.18 15:30:19 -04'00'*
Ronald L. Walker Jr.
Assistant United States Attorney

Date: 9-29-25

Darrell Wayne Strunk
Defendant

Date: 9-29-25

Noel Caldwell
Attorney for Defendant